[No. 19768.   Department One.   April 12, 1926.]

LIBBY, McNEILL & LIBBY, *Appellant,* v. CARL BUSSE, *Respondent.*[1]

[1] CONTRACTS (59, 63)—CONSTRUCTION—WRITTEN CONTRACTS—RULES —PARTICULAR WORDS AND PHRASES. Under the rule that it is permissible to transpose words in a contract to make the intent clear, a five year contract to buy pears, agreeing "to pay a $30 per ton minimum and 85%" of the price paid each year in the open market, will be construed to mean such 85%, "minimum, $30 per ton."

Appeal from a judgment of the superior court for Yakima county, Hawkins, J., entered January 6, 1925, upon findings in favor of the defendant, in an action on contract, tried to the court. Modified.

*T. L. Smart* and *Grady & Velikanje,* for appellant.

*D. V. Morthland* and *Harcourt M. Taylor,* for respondent.

TOLMAN, C. J.—Appellant, as plaintiff, brought this action upon a written five-year contract for the delivery of pears, claiming damages for nonfulfillment, placing a construction upon the contract and asking for a reformation of the contract, in the event that the court should hold its interpretation to be improper. The defendant by answer counterclaimed, and, upon the theory that the contract was ambiguous, the trial court went fully into all of the circumstances surrounding its making, and rendered a judgment denying the plaintiff any relief and awarding the defendant a recovery of $182.75 upon his counterclaim. Plaintiff has appealed.

As we view the contract, it will be unnecessary to set forth or consider the surrounding circumstances.

¹Reported in 244 Pac. 963.

[1] The contract is upon a printed form with printed conditions upon the back, referred to and made a part, the blanks being filled in by indelible pencil and this written condition inserted:

"Buyer agrees to pay a $30.00 per ton minimum & 85% of the price paid by the Buyer each year in open market, for like grade, in the Yakima Valley."

Perhaps the only printed portion of the contract necessary to be considered in connection with the written provision is:

"Payment to be made for each calendar week's delivery on the first Saturday following such delivery."

Both parties seem to agree that the character "&" in the writing does not mean "plus," as it would be unreasonable to suppose that the buyer would pay $30 per ton plus eighty-five per cent of the open market price; and that theory may be disregarded.

Appellant seeks to have the writing read as though the character "&" were the word "or," contending that the meaning should be that it pay $30 per ton, or in the alternative a maximum of eighty-five per cent of the average open market price for the season. This seems to us a forced construction, as the average season price could not be ascertained until the season closed, and that would prevent the weekly payments for which the contract provides, and also something else would have to be read into the contract to determine which party might elect, and under what conditions, as to the alternative feature.

The trial court, proceeding upon the theory that the terms of the contract were susceptible of more than one interpretation, received parol evidence to determine what was in the minds of the parties at the time the contract was made, and then adopted respondent's theory that the written clause meant, and was intended

to mean, that the buyer should pay $30 per ton and in addition eighty-five per cent of the difference between $30 per ton and the open market price at the time of delivery.

Our reading of the contract leads to a still different result and makes it unnecessary to go beyond the contract itself for an interpretation. In addition to the many rules of construction referred to in the briefs, there is still another:

"It is permissible to transpose words in a contract in order to make its meaning more clear and to carry out the intent of the parties." 13 C. J. 535; *Potthoff v. Safety Armorite Conduit Co.,* 143 App. Div. 161, 127 N. Y. Supp. 994.

Adopting that rule, and by slight transposition of words, the contract seems to us clear, unambiguous, such as would reasonably be made, and the written portion is consistent with, and gives effect to, the printed portion providing for weekly payments. By so transposing, we read the written provision as follows:

Buyer agrees to pay eighty-five per cent of the price paid by the buyer each year in open market, for like grade, in the Yakima Valley, minimum $30 per ton (or, if preferred, $30 per ton minimum).

So read, all ambiguity disappears and the result seems from the whole contract, not only what was intended, but the only thing which could reasonably have been intended.

Applying this construction, it is apparent that the judgment of the trial court must be somewhat modified. While perhaps we could pick out the necessary facts from the record and figure out the amount of the judgment to be entered, yet the labor would be considerable and, without the assistance of counsel, we might overlook some fact or make some error in computation. We therefore deem it advisable to remand

the cause with directions to the trial court to modify its judgment to conform to the views herein expressed.

Remanded for modification.

HOLCOMB, MACKINTOSH, FULLERTON, and MAIN, JJ., concur.

ON PETITION FOR REHEARING.

[Department One. May 24, 1926.]

PER CURIAM.—Upon a consideration of the matters presented in the petition for rehearing, and it appearing equitable to the court, its judgment is that neither party recover costs on the appeal.